IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

JOHN SHERMAN FLOYD #10970-084   :

    Petitioner   :

    v.   :    Civil Action No. PJM-07-264

ALBERTO GONZALES, et al.   :

    Respondents   :

o0o

## MEMORANDUM OPINION

Before the Court is a pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by John Sherman Floyd, an inmate at the Federal Correctional Institution- Cumberland, Maryland, claiming that the Bureau of Prisons improperly denied him eligibility for early release under 18 U.S.C. § 3621(e)(2)(B). Counsel for Respondents has filed an Answer seeking dismissal of the Petition, or in the alternative, summary judgment. Petitioner has filed a reply.

The Motion shall be construed as one for summary judgment pursuant to Fed. R. Civ. P. 56. No hearing is necessary. *See Local Rule 105.6.* After careful review of the pleadings, exhibits, and applicable law, the Court will deny the Petition.

## BACKGROUND

**Factual Background**

On April 25, 2005, Floyd pleaded guilty in United States District Court for the Western District of Virginia to conspiracy to distribute and possess with intent to distribute docaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1), and five counts of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). *See United States v. Carroll, et al.,* Criminal Action No. 05-1 (W. D. Va.).

On August 5, 2005, the court sentenced Floyd to sixty months imprisonment and three years of

supervised release. The sentencing court applied a two-level enhancement for possession of firearms pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines.

On January 23, 2006, FCI Cumberland staff informed Floyd that he was ineligible for the early release incentive of Residential Drug Abuse Program (RDAP) based on the two-level weapons enhancement. On December 20, 2006, Floyd began the RDAP. If he successfully completes the residential portion of RDAP, he will graduate on September 20, 2007. Floyd's current projected release date is November 4, 2009.

**Residential Drug Abuse Program**

The Violent Crime Control and Law Enforcement Act of 1994 requires the Bureau of Prisons (BOP) to "make available appropriate substance abuse treatment for each prisoner [the BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The law provides incentives for prisoners to participate in a RDAP, including the possibility of early release from incarceration.

The BOP is vested with broad statutory discretion to administer the RDAP. The statute provides "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisoners, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. §3621(e)(2)(B); *see also* 28 C.F.R. §550.58. The statute does not define the term "nonviolent offense. [1]

---

[1] In 1995, the BOP adopted a regulation defining "nonviolent offense" to include those inmates whose current offense was determined a crime of violence under 18 U.S.C. §924(c)(3). *See Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999); *see also* 28 C.F.R. § 550.58. The BOP also issued Program Statement 5330.10. In July 1995, the BOP issued Program Statement 5162.02 "to further assist case management staff in deciding whether an inmate qualifies for

Pursuant to statute, the BOP has promulgated regulations outlining three prerequisites for early release eligibility: 1) the inmate must be serving a sentence for a nonviolent offense; 2) the inmate must have a substance abuse problem; and 3) the inmate must successfully complete a residential drug abuse treatment program while incarcerated. *See* C.F.R. § 550.58. Under current regulations, inmates serving a sentence for a felony offense that involved the carrying, possession or use of a firearm are categorically excluded from eligibility. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B).[2]

Based on these regulations, the BOP adopted Program Statement 5162.04, Categorization of Offenses. The Program Statement interprets the regulations, listing federal offenses that the

---

early release under 18 U.S.C. § 3621(e)(2)(B) and under implementing regulation 550.58." Program statement 5162.02 identified offenses that may be crimes of violence and specifically provided that an individual who is convicted of a drug crime under 21 U.S.C. § 841 and has received a two-level enhancement for gun possession has been convicted of a crime of violence.

In 1997, the BOP adopted revised regulation 550.58. The BOP deleted the crime of violence definition from §924(c) and provided that at the Director's discretion, inmates whose current offense is a felony involving the carrying, possession, or use of a firearm or other dangerous weapon were ineligible for early release. The BOP amended Program Statement 5330.10 to reflect this change and adopted Program Statement 5162.04, effective October 6, 1997, which states "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." The 1997 regulation was an interim regulation, and was later finalized on December 22, 2000. *See* 65 Fed. Reg. 80745.

[2] This regulation provides in part:

(a) Additional Early Release Criteria
    (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmate are not eligible for early release:
             \* \* \* \* \* \* \* \*
(vi) Inmates whose current offense is a felony:
             \* \* \* \* \* \* \* \* \*
    (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

28 C.F.R. § 550.58(a)(1)(vi)(B).

3

BOP has determined "crimes of violence" and identifying others which pursuant to the Director's discretion render inmates ineligible for early release under 18 U.S.C. § 3621(e).[3]

In *Lopez v. Davis,* 531 U.S. 230 (2001), the Supreme Court held that the BOP has the discretion to determine which prisoners may participate in the RDAP and are eligible for sentence

---

[3] Program Statement 5162.04 states in part:

> Convictions for an offense listed below [including violations of 21 U.S.C. §§ 841 and 846]...may or may not satisfy the standard listed in the introductory portion of the Section 7. At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics." This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

Program Statement 5162.04, Categorization of Offenses, Part 7(b). The example accompanying this section of Program Statement 5162.04 provides:

> Section 842 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during the commission of the offense, the court would increase the defendant's base level by two levels). This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1, application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

Program Statement 5162.04 Categorization of Benefits, Part 7(b).

reductions.  The Court ruled that the BOP properly exercised its discretion under 18 U.S.C. § 3521 (e)(2)(B) to deny early release to an inmate who was convicted of violating 21 U.S.C. § 841, and who had received a two-level enhancement at sentencing for use of a firearm. *See id.* at 240. The Court noted that "when an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez*, 531 U.S. at 243.  Further, the Court ruled that the BOP had  "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244.

In this circuit, the United States Court of Appeals has held that "[t]he  use of guns in connection with drug offenses clearly causes one of the most violent and deadly problems our society has to deal with today.  It is entirely reasonable and certainly not arbitrary for the BOP to equate gun possession and drug dealing with violence, thus supporting its [Program Statement 5162] interpretation of not being a 'nonviolent' offense." *Pelissero v. Thompson,* 170 F.3d 442, 447 (4th Cir. 1999).

**Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(c).  This does not mean that any factual dispute will defeat a motion for summary judgment.

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

5

>otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

In the instant case, Floyd pleaded guilty to multiple drug offenses and his sentence was enhanced under the Sentencing Guidelines for weapons possession.  The Presentence Report indicated that authorities seized from Floyd's bedroom a .32 caliber pistol, a .357 caliber revolver, and a .336 30/30 rifle in addition to a lockbox with cocaine residue, drug paraphernalia, scales, and 4.3 grams of cocaine hydrochloride. Resp. Ex. 1, Declaration of Leon Bryan.  Under these circumstances, Floyd's offense conduct places him in the category of offenses for which the BOP may disqualify him from early release.

**Due Process**

Habeas corpus relief under 28 U.S.C. §2241 is available when a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Convicted prisoners have no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Meachum v. Fano,* 427 U.S. 215, 225 (1976).

As discussed herein, the BOP is vested with broad discretionary authority under 18 U.S.C. § 3621(e) to reduce the sentence of a prisoner convicted of a nonviolent offense. Inmates who successfully complete substance abuse treatment programs do not have liberty interest in early release. *See Zacher v. Tippy,* 202 F. 3d 1039, 1041 (8th Cir. 2000) (stating the "language of 18 U.S.C. §3621 is permissive"and prisoners are not guaranteed early release); *Wottlin v. Fleming*, 136 F. 3d 1032, 1035 (5th Cir. 1998). Where, as here, "there is no protected liberty interest in discretionary early release for completing the RDAP program, there is no constitutional injury to present for redress". [4]

**Judgment and Commitment Order**

Next, Floyd argues that the because the sentencing court recommended his participation in RDAP in his judgment and commitment order, he is entitled to early release. Contrary to Floyd's assertions, however, the District Court did not recommend early release, but drug treatment.[5] Early

---

[4] Floyd's reliance on *Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005) is misplaced. *Paulsen* concerned an interim rule which the BOP adopted on October 15, 1997, not the current rule promulgated on December 22, 2000. *Id*. at 1003. The decision in *Paulsen* applied to federal prisoners who were categorically denied eligibility for sentence reduction under the 1997 Interim Rule from October 9, 1997, to December 21, 2000. In this case, Floyd pleaded guilty in 2005 and was determined ineligible for early release in 2006, based on the later rule. *See Supra* note. 1.

[5] Pet. Ex. 1, Attachment B.

release decisions are vested with the Bureau of Prisons, and completing RDAP is no guarantee that the BOP will exercise its discretionary authority. *See* 18 U.S.C. § 3621(e)91)(B).

**Atypical and Significant Hardship**

Floyd baldly asserts that he suffered "extreme prejudice" and "atypical and significant hardship in relation to the ordinary incidents of prison life" as a result of his ineligibility for early release. Petition, p. 9. He provides no basis to substantiate this claim. The fact that Floyd must serve the remainder of his sentence pursuant to a valid criminal conviction and is ineligible for early release does not impose an "atypical and significant hardship" on him in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

## CONCLUSION

For the above reasons, the Court concludes there is no basis to grant habeas corpus relief. The Court will deny the Petition by separate Order.

Date: 7/20/07

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE